OFFICE OF THE ATTORNEY GENERAL OF TEXAS
AUSTIN



GROVER SELLERS
~~GERALD C. MANN~~
ATTORNEY GENERAL

Honorable Sam H. Davidson
County Attorney, Hockley County
Levelland, Texas

Dear Sir:

Opinion No. O-5582

Re: Can the second Deputy Tax
Assessor-Collector of
Hockley County be paid
more salary than the $1,500
per annum?

You present the above question in your letter of
August 10, 1943, wherein the further question is raised as
to whether such sum may be augmented by the Tax Assessor-
Collector from the Certificate of Title Fund.

We understand that Hockley County has adopted the
Officer's Salary Law, and that the Tax Assessor-Collector
and his deputies are compensated from the Officer's Salary
Fund.

Article 3902, Vernon's Annotated Civil Statutes,
in part, provides:

"Whenever any district, county, or precinct
officer shall require the services of deputies,
assistants or clerks in the performance of his
duties he shall apply to the County Commissioners'
Court of his county for authority to appoint such
deputies, assistants or clerks, stating by sworn
application the number needed, the position to be
filled and the amount to be paid. Said applica-
tion shall be accompanied by a statement showing
the probable receipts from fees, commissions and
compensation to be collected by said office dur-
ing the fiscal year and the probable disbursements
which shall include all salaries and expenses of

said office; and said court shall make its order authorizing the appointment of such deputies, assistants and clerks and fix the compensation to be paid them within the limitations herein prescribed and determine the number to be appointed as in the discretion of said court may be proper; provided that in no case shall the Commissioners' Court or any member thereof attempt to influence the appointment of any person as deputy, assistant or clerk in any office. Upon the entry of such order the officers applying for such assistants, deputies or clerks shall be authorized to appoint them; provided that said compensation shall not exceed the maximum amount hereinafter set out. The compensation which may be allowed to the deputies, assistants or clerks above named for their services shall be a reasonable one, not to exceed the following amounts:

"1. In counties having a population of twenty-five thousand (25,000) or less inhabitants, first assistant or chief deputy not to exceed Eighteen Hundred ($1800.00) Dollars per annum; other assistants, deputies or clerks not to exceed Fifteen Hundred ($1500.00) Dollars per annum each."

Reading the term "second deputy" as meaning deputy other than the first assistant or chief deputy, it is apparent that the $1,500.00 present amount now paid to him is the maximum salary authorized and fixed by the foregoing statute.

We have fully considered the provisions of the Certificate of Title Act, (Art. 1436-1, Vernon's Annotated Penal Code), in connection with your request. The identical question raised by you, however, was presented to this department by the County Auditor of Jefferson County. We hereto attach a copy of our Opinion No. 0-5379, addressed to the County Auditor of Jefferson County, approved June 21, 1943, in answer to his request. Although Jefferson County has a larger population bracket, nevertheless the opinion is applicable to Hockley County.

Honorable Sam H. Davidson, page 3

It is therefore the opinion of this department that where a deputy tax assessor-collector in a county having a population of 25,000 or less inhabitants is receiving the maximum salary fixed by Article 3902, Vernon's Annotated Civil Statutes, such maximum salary may not be increased from the Certificate of Title Fund or any other fund belonging to the county.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By (s)

Wm. J. R. King
Assistant

WJRK/JCP
Enc.

APPROVED SEP. 8, 1943
(s) Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED:
OPINION COMMITTEE
By B. W. B., Chairman

E.R.S.